**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NEW JERSEY SAND HILL BAND OF LENAPE & CHEROKEE INDIANS; RONALD-STACEY, <br><br> *Petitioners*, <br> v. <br><br> JON CORZINE, et al, <br><br> *Respondents*. | Civil Action No. 09-683 (KSH) <br><br><br> <u>**OPINION & ORDER**</u> |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

This matter comes before the Court upon the petition of the New Jersey Sand Hill Band of Lenape & Cherokee Indians (the "Sand Hill Band") and its public minister, Ronald-Stacey[1] (collectively, "petitioners") [D.E. # 1-2[2]]. Petitioners request the Court to, *inter alia*, temporarily restrain respondents—the State of New Jersey, counties therein, and official representatives of those entities (collectively, "respondents")—from enforcing certain state laws and regulations against them. The crux of the petition is that respondents and their predecessors have wrongly converted and misappropriated petitioners' land and other property for over 200 years, in

---

[1] Although not pertinent to the resolution of the instant application, there is a threshold issue concerning whether Ronald-Stacey, who is not an attorney, may represent the interests of the Sand Hill Band entity *pro se*. *See Unalachtigo Band of the Nanticoke-Lenni Lenape Nation v. State of New Jersey*, No. 05-5710, 2007 U.S. Dist. LEXIS 93084, at *9-14 (D.N.J. Dec. 17, 2007) (disallowing non-attorney chairman of Indian tribe to represent the tribe *pro se*).

[2] The original petition [D.E. # 1] was filed on February 17, 2009. On February 23, 2009, petitioners filed an amended submission, which is substantially similar [D.E. # 2], and thereafter filed another petition on March 6, 2009 [D.E. # 5], which is also substantially similar. Although it has reviewed all three filings, unless specifically stated otherwise, the Court's discussion herein is confined to the latest petition ("Am. Pet.").

violation of federal constitutional and statutory protections.  Am. Pet.  ¶¶ 18-24.  As a result, petitioners argue, the

> acts of Respondent are under color of law because the state of New Jersey did not exist as a governmental or corporate entity, thus making all sales or relinquishment of Petitioner's land, Right, Privileges, and Immunities moot and null and void.  As a result the political and corporate subdivisions could not have been in existence.  Respondent State of New Jersey is De facto in that acts of State of New Jersey are without authority or fraudulent from their inception.  Respondent State of New Jersey, their political subdivisions are De facto in that Counties are without authority in that the state of New Jersey failed to ratify its Constitution prior to the establishment of said Counties.

Am. Pet.  ¶¶  28-30.[3]   Petitioners also allege that they have been unlawfully deprived of representation on the New Jersey Commission on Indian Affairs.  Am. Pet. ¶¶ 25-26.  Finally, petitioners demand damages of "999,999,999 one ounce Gold American Eagles issued by the American Treasury" as a result of respondents' alleged unlawful acts.  Orig. Pet., Prayer for Relief ¶ (a).

Petitioners request the Court to issue a temporary restraining order against Respondent[s] to enjoin them from doing any of the following:

> enforcing hunting and fishing restrictions against Petitioner, sale and water usage from disputed lands, from the spending of revenue from disputed land, water and resources, and an injunction against said revenue, from formal recognition of any Indian entity in the Petitioners jurisdiction, from further formal hearings of the New Jersey Commission on Indian Affairs, collection of tolls and fees against Petitioner including registration fees for any vehicles bridge tolls, parking meter fees, park entrance fees, from taxes of whatever nature and in any form.

Am. Pet., Prayer for Relief, ¶ (b).

---

[3] All quotations from the petition are verbatim.

Petitioners also request that a three-judge panel be convened pursuant to 28 U.S.C. § 2284(a), which states: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." The statute further provides that:

> Upon the filing of a request for three judges, the judge to whom the request is presented shall, *unless he determines that three judges are not required*, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. . . .

28 U.S.C. § 2284(b)(1)-(2) (emphasis added).

Section 2284 envisions a screening function for the single district judge to whom a three-judge panel request is made: "When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 (1962), *superseded by statute on other grounds*, *see Morrill v. Weaver*, 224 F. Supp. 2d 882, 887 (E.D. Pa. 2002); *see also James v. Tuck*, 77 Fed. App'x 754, 754 (5th Cir. 2003) ("A single-judge district court has the authority to determine whether a three-judge court is required, and a three-judge court is not required if the claim is wholly insubstantial or completely without merit.") (internal quotations omitted).

The statute also permits a single district judge to "grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if

the order is not granted . . . ."  28 U.S.C. § 2284(b)(3).  By negative implication, then, a single judge may also deny an application for temporary restraints where such is unwarranted:

> a temporary restraining order may be granted by a single district court judge, prior to the convening of a three judge court, pursuant to 28 U.S.C. § 2284(3) in order to prevent irreparable injury *if the requesting party clearly establishes that it has a reasonably good chance of ultimate success on the merits and that irreparable damage will result from a denial of the injunction.*

*Salem Inn, Inc. v. Frank*, 408 F. Supp. 852, 856 (S.D.N.Y. 1976) (emphasis added).  More specifically, to obtain a temporary restraining order, the applicant must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

The Court denies petitioners' application for temporary restraints.  The petition fails to clearly establish that the present circumstances necessitate emergent relief.  Although petitioners allege that violations of their allegedly protected constitutional and statutory rights are "irreparable injury per se," they do not state what the irreparable injuries are or why they are irreparable.  *See* Am. Pet. ¶¶ 39, 50, 56, 61, 67.  *See Huertas v. City of Camden*, No. 05-5375, 2007 U.S. Dist. LEXIS 11375, at *20-21 (D.N.J. Feb. 14, 2007) (denying application for temporary restraining order where claim of irreparable injury and other required elements are alleged in unspecified and conclusory manner). Most important, the third and fourth factors strongly counsel against the restraints requested.  Petitioners are seeking an emergent statewide edict that would enjoin the orderly enforcement of applicable state laws by every county within New Jersey and by the State itself.  Doing so would create significant upheaval in respondents'

4

ability to fulfill their duties in executing the laws of New Jersey.  The public interest would be hindered, not promoted, by the entry of a temporary restraining order.

Petitioners also claim that because respondents acted without authority many years ago, the current "apportionment of congressional districts, or the apportionment of the legislative body of the State of New Jersey" is now constitutionally infirm.  Am. Pet., Prayer for Relief ¶ (a).  It is too early to determine the substantiality of petitioners' constitutional apportionment claim when there are significant threshold issues still to be decided.  *See, e.g.*, footnote 1, *supra*. The Court therefore denies the request to convene a three-judge panel.  Good cause appearing,

**It is** on this 24th day of March, 2009, hereby

**ORDERED** that petitioners' request for a temporary restraining order is **DENIED**; and it is further

**ORDERED** that petitioners' request that the Court convene a three-judge panel pursuant to 28 U.S.C. § 2284 is **DENIED**; and it is further

**ORDERED** that this matter shall proceed in the ordinary course.


/s/  Katharine S. Hayden

KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE